In the Matter of W. A. Miller and Louise E. Miller, Appellants, v. George C. Lindemann, Guardian, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

## Statement of the Case.

Petition by W. A. Miller and Louise E. Miller, petitioners, against George C. Lindemann, guardian of the estate of Ida L. Lindemann, Helen L. Lindemann and Lloyd C. Lindemann, minors, defendant, to recover for board, clothing, etc., furnished to defendant's wards. From an order denying the petition, petitioners appeal.

W. L. COLEY, for appellants.

WILLIAM H. PFINGSTEN, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 124*—who are not competent witnesses in action against guardian. The mother and the stepfather of minor wards are not competent witnesses in an action by them against the guardian to recover for board, clothing, etc., furnished by them to the minors.

2. GUARDIAN AND WARD, § 28*—what expenditures from income may be made by guardian. A guardian may expend from the income of his wards' property such amount as may be necessary and proper for the suitable support of the wards to be determined by the guardian or by the court having charge of the fund.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Paskewie v. East St. Louis & Suburban Ry. Co., 206 Ill. App. 131.

3. GUARDIAN AND WARD, § 16*—*when notice of claim of compen-sation essential to liability of guardian for care of ward.* Where the stepfather of minor children, on his marriage to their mother, took them into his family and cared for them, although not for-mally adopting them in law as his children, *held* that he could not recover from their guardian for such care without having first notified the guardian of his refusal to care for them without com-pensation.

4. GUARDIAN AND WARD, § 16*—*when reasonable pay for care of ward may be recovered.* Upon neglect of a guardian to provide a place for his ward or make a contract in regard to compensation for care of the ward after having notice from the person caring for the ward that he would not continue doing so without com-pensation, *held* that such person would be entitled to recover reasonable pay for the keeping of the ward after such notice.

5. GUARDIAN AND WARD, § 61*—*when evidence insufficient to show notice of claim of compensation for care of wards.* Evidence *held* insufficient to show any notice by petitioners to defendant that they would not continue caring for defendant's wards without compen-sation.